THOMAS J. GODDARD
thomas@lawz.app
1910 N. Main St., Suite 627
Walnut Creek, CA 94596
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>  Plaintiff,<br><br>v.<br><br>1910 N. MAIN STREET APARTMENTS CAPITAL, LLC, d/b/a NOMA APARTMENTS; SARES-REGIS GROUP RESIDENTIAL, INC.; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No. 3:26-cv-01237-TLT<br><br>**MOTION TO VACATE RELATED CASE ORDER (DKT. 15) & FOR RECUSAL OF JUDGE EDWARD M. CHEN**<br><br>Fed. R. Civ. P. 60(b)(4);<br>28 U.S.C. § 455(a), (b)(1)<br><br>*Emergency TRO Pending (Dkt. 3)*<br>*Sheriff Lockout: February 17, 2026* |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. 3

    United States Supreme Court Cases .......................................................................... 3

    United States Courts of Appeals Cases ..................................................................... 3

    Federal Statutes, Rules, and Other Authorities ......................................................... 3

I.     INTRODUCTION ............................................................................................... 4

II.    THE RELATED CASE ORDER IS VOID & MUST BE VACATED ................ 4

    A.    A Void Order May Be Challenged at Any Time ........................................ 4

    B.    The Order Was Issued Without Due Process ............................................. 5

    C.    Judge Chen Lacked Authority Because Case No. 25-cv-05882-EMC Is on Appeal ................................................................................................. 5

    D.    Civil L.R. 3-12 Was Not Satisfied ............................................................... 6

III.   RECUSAL IS INDEPENDENTLY REQUIRED UNDER 28 U.S.C. § 455 ..... 7

    A.    Legal Standard ............................................................................................. 7

    B.    Judge Chen's Relationship with Defendants' Counsel ............................... 7

    C.    Judge Chen's Orders Are Under Appellate Review ................................... 8

    D.    Pattern of Conduct Demonstrating Bias ..................................................... 9

IV.   REQUEST FOR NINTH CIRCUIT SUPERVISORY REVIEW ..................... 10

V.    THE EMERGENCY TRO CANNOT AWAIT RESOLUTION OF THIS MOTION ............................................................................................................ 12

VI.   CONCLUSION .................................................................................................. 12

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Armstrong v. Manzo*, 380 U.S. 545 (1965) .................................................. passim

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ............................ passim

*Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004) ........................................ passim

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................... passim

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) .............. passim

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) ............. passim

*Liteky v. United States*, 510 U.S. 540 (1994) ............................................... passim

*Mathews v. Eldridge*, 424 U.S. 319 (1976) .................................................. passim

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ............. passim

**UNITED STATES COURTS OF APPEALS CASES**

*Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977) ......................... passim

*In re Cement Antitrust Litig.*, 688 F.2d 1297 (9th Cir. 1982) ..................... passim

*In re Mason*, 916 F.2d 384 (7th Cir. 1990) ................................................. passim

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc) ........................... passim

*Orner v. Shalala*, 30 F.3d 1307 (10th Cir. 1994) ........................................ passim

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) .......... passim

*Stein v. Wood*, 127 F.3d 1187 (9th Cir. 1997) ............................................. passim

*United States v. Holland*, 519 F.3d 909 (9th Cir. 2008) ............................. passim

**FEDERAL STATUTES, RULES, AND OTHER AUTHORITIES**

28 U.S.C. § 455(a), (b)(1) (Disqualification of Justice, Judge, or Magistrate Judge) passim

28 U.S.C. § 1651(a) (All Writs Act) .............................................................. passim

Fed. R. Civ. P. 15(a)(1) (Amendment as a Matter of Course) ..................... passim

Fed. R. Civ. P. 60(b)(4) (Relief from Void Judgment or Order) .................. passim

Civil L.R. 3-12 (Related Cases) .................................................................... passim

Code of Conduct for United States Judges, Canon 2 .................................. passim

11 Wright & Miller, *Federal Practice and Procedure* § 2862 (3d ed.) .............. passim

## I. INTRODUCTION

1. Plaintiff Thomas Joseph Goddard moves to vacate the Related Case Order (Dkt. 15) signed by Judge Edward M. Chen on February 11, 2026, as void, and for the recusal and disqualification of Judge Chen from this action pursuant to 28 U.S.C. § 455(a) and § 455(b)(1). Plaintiff also requests that the Ninth Circuit Court of Appeals exercise supervisory review of the district court's conduct in this matter.

2. The Related Case Order is void for three independent reasons:

(a) it was issued without due process, as Judge Chen signed the order the same day Plaintiff filed his opposition (Dkt. 13) without any indication the opposition was considered;

(b) Judge Chen lacked authority to act because the underlying case to which this action was "related"—Case No. 3:25-cv-05882-EMC—is on appeal to the Ninth Circuit, divesting the district court of jurisdiction over that case; and

(c) Civil L.R. 3-12 was not satisfied, as Plaintiff's opposition (Dkt. 13) demonstrated that neither prong of the relatedness test was met.

3. Independent of the void order, recusal is required because Judge Chen has an undisclosed personal relationship with Defendants' lead counsel, Tiffany D. Truong, that extends beyond ordinary professional interaction—a fact communicated to Plaintiff by Mandana Mir Arjmand, who has personal knowledge of the relationship through her connections within the Bay Area insurance defense network.

4. Plaintiff uses the case designation 3:26-cv-01237-TLT throughout this motion because the Related Case Order is void and this case remains properly assigned to Judge Trina L. Thompson.

## II. THE RELATED CASE ORDER IS VOID & MUST BE VACATED

### A. A Void Order May Be Challenged at Any Time

5. Under Federal Rule of Civil Procedure 60(b)(4), a court "may relieve a party …from a final judgment [or] order" that "is void." A void judgment or order is one entered by a court that lacked jurisdiction or that was entered in violation of due process. *See*

1  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Relief from a void

2  order "is not a discretionary matter; it is mandatory." *Orner v. Shalala*, 30 F.3d 1307,

3  1310 (10th Cir. 1994). A void order has no legal effect and "may be attacked at any time."

4  *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862

5  (3d ed.).

### B. The Order Was Issued Without Due Process

6. Judge Chen signed the Related Case Order (Dkt. 15) on February 11, 2026—the same day that Plaintiff filed a detailed, 22-paragraph opposition to relating (Dkt. 13). There is no indication in the docket that Judge Chen reviewed, considered, or even received Plaintiff's opposition before signing the order. The opposition was filed at approximately the same time as Defendants' statement in support (Dkt. 12).

7. Due process requires, at minimum, "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). An order that overrules a party's opposition without any opportunity for that opposition to be considered is not an exercise of judicial discretion—it is the denial of a hearing. *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("A fundamental requirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner.") (citation omitted).

8. The timeline speaks for itself. On a single day—February 11, 2026—this case was reassigned to Judge Thompson (Dkt. 6), Judge Thompson issued a judicial referral (Dkt. 8), Defendants filed their statement in support (Dkt. 12), Plaintiff filed a comprehensive opposition (Dkt. 13), and Judge Chen signed the order assuming jurisdiction (Dkt. 15). No reasonable reading of this timeline permits the conclusion that Plaintiff's opposition received meaningful consideration.

### C. Judge Chen Lacked Authority Because Case No. 25-cv-05882-EMC Is on Appeal

9. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

1  appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Case
2  No. 3:25-cv-05882-EMC has been on appeal to the Ninth Circuit since October 2025
3  (Case No. 25-6676).

4      10. Judge Chen's authority over Case No. 25-cv-05882-EMC is limited to
5  ministerial and collateral matters that do not affect the merits of the appeal. *See Stein*
6  *v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Pulling a new, independently filed case into
7  the orbit of the appealed case is not a ministerial act—it is an assertion of substantive
8  control over litigation that the Ninth Circuit is reviewing. By relating this case to
9  25-cv-05882-EMC, Judge Chen effectively expanded his jurisdiction over a matter from
10 which he has been divested.

11     11. The relatedness determination cannot be severed from the underlying appeal.
12 The new complaint (Dkt. 1, 78 pages) alleges eleven causes of action based on
13 post-October 21, 2025 conduct—including retaliation for filing the very appeal now
14 pending before the Ninth Circuit. Assigning the judge whose orders are on appeal to
15 preside over claims of retaliation for appealing those orders is not "relating" cases—it is a
16 jurisdictional impossibility that collapses the distinction between trial-level and appellate
17 proceedings.

18     **D.  Civil L.R. 3-12 Was Not Satisfied**

19     12. Civil Local Rule 3-12(a) requires **both** prongs to be met for cases to be related:
20     (1) the actions must concern substantially the same parties, property, transaction,
21 or event; **and**
22     (2) it must appear likely that there will be an unduly burdensome duplication of
23 labor or conflicting results. As set forth in Plaintiff's opposition (Dkt. 13), neither prong
24 is satisfied:

25     (a)    **Different transactions and events.** Case No. 25-cv-05882-EMC arose
26            from pre-July 2025 conduct. This action arises from *post*-October 2025
27            conduct: a hospitalization caused by habitability violations, an unlawful
28            detainer filed during that hospitalization, a $0.00 judgment, a sheriff

lockout, the destruction of Ninth Circuit mediation, and the concealment of Plaintiff's ownership interest on a recorded deed. These are distinct transactional nuclei. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001).

(b) **No risk of conflicting results or duplication.** Case No. 25-cv-05882-EMC has been dismissed and is on appeal. There is no active litigation to "duplicate" and no pending rulings that could "conflict" with rulings in this case.

### III. RECUSAL IS INDEPENDENTLY REQUIRED UNDER 28 U.S.C. § 455

#### A. Legal Standard

13. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard is objective: recusal is required where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The statute "must not be so narrowly construed that it fails to adequately protect the public's interest in an unbiased judiciary." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

14. Section 455(b)(1) requires disqualification where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is required even without proof of actual bias; the question is whether a reasonable observer would perceive a significant risk that the judge would resolve the case on a basis other than the merits. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009).

#### B. Judge Chen's Relationship with Defendants' Counsel

15. Plaintiff has been informed by Mandana Mir Arjmand that Judge Chen's relationship with Defendants' lead counsel, Tiffany D. Truong, extends beyond ordinary professional interaction between a judge and an attorney who appears before the court.

Ms. Arjmand has personal knowledge of this relationship through her connections within the Bay Area insurance defense network.[1]

16. Ms. Arjmand is a Deputy Public Defender in Contra Costa County and the sister-in-law of Judge Julia Campins of the Contra Costa County Superior Court. Ms. Arjmand has documented connections to the insurance defense network that includes Ms. Truong's firm, Kimball, Tirey & St. John LLP, and the Sares-Regis Group—the property management company affiliated with the defendant NOMA Apartments.[2]

17. A personal relationship between the presiding judge and lead defense counsel—undisclosed to the opposing party—is precisely the circumstance that requires recusal under § 455(a). *See In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (recusal required where judge had social relationship with counsel); Code of Conduct for United States Judges, Canon 2 (a judge must avoid the appearance of impropriety). The relationship was never disclosed to Plaintiff during the proceedings in Case No. 25-cv-05882-EMC or in connection with the Related Case Order in this action. *See Liljeberg*, 486 U.S. at 862 (scienter is not an element of a § 455(a) violation).

**C.  Judge Chen's Orders Are Under Appellate Review**

18. Judge Chen's orders in Case No. 25-cv-05882-EMC are the subject of a pending Ninth Circuit appeal, Case No. 25-6676, including:

    (a)  The October 21, 2025 dismissal of the First Amended Complaint with prejudice;

---

[1] Plaintiff also has personal knowledge of Ms. Truong from a Zoom videoconference with Ms. Arjmand in approximately 2020 or later, predating this litigation. During the videoconference, Ms. Arjmand introduced an individual identified to Plaintiff as Ms. Truong and represented that she and Ms. Truong were married. Plaintiff was in a forcibly drugged and incapacitated state at the time—a circumstance consistent with the broader pattern of targeting documented across Plaintiff's cases.

This observation is corroborated by Ms. Arjmand's own prior disclosure to Plaintiff—made during the termination of their personal relationship—that she, Judge Julia Campins, and Ms. Truong shared antisemitic views toward Plaintiff. *See Goddard v. Campins*, No. 3:25-cv-02910-CRB (N.D. Cal.), Complaint at ¶ 11(e) (documenting the Campins-Truong-Arjmand network and contemporaneous admissions of discriminatory animus). The Campins-Truong-Arjmand relationship is further documented through a common insurance defense firm believed to be associated with Sares-Regis Group, the property management company affiliated with the defendant NOMA Apartments. *Id.* at ¶¶ 23–24.

Plaintiff further notes that, upon information and belief, he had a prior encounter with Judge Chen during Northern District of California training proceedings in which Judge Chen made remarks that Plaintiff perceived as discriminatory in the context of a similar discrimination complaint, and in which procedural mechanisms were employed to prevent Plaintiff's case from advancing. This prior experience is consistent with the pattern of coordinated interference across Plaintiff's cases in multiple forums—including the systematic expropriation of Plaintiff's technology company and intellectual property as alleged in *Goddard v. Anthropic PBC*, No. 4:26-cv-01044-ASK (N.D. Cal.)—and reinforces Plaintiff's concern that Judge Chen's relationship with Ms. Truong and the broader Campins-Arjmand network compromises judicial impartiality.

[2] Ms. Arjmand was observed conducting surveillance near Plaintiff's residence on September 17, 2025, and again on January 8, 2026. *See* Complaint (Dkt. 1).

      (b)    The imposition of filing restrictions (Dkt. 49 in 25-cv-05882);

      (c)    The denial of Plaintiff's motion for preliminary injunction;

      (d)    The October 27, 2025 striking of Plaintiff's Second Amended Complaint *after* jurisdiction had transferred to the Ninth Circuit under *Griggs*, 459 U.S. at 58.

19. The new complaint in this action alleges retaliatory conduct that post-dates Judge Chen's orders—including retaliation *for filing the appeal of those orders.* A judge whose conduct is under appellate review has a disqualifying interest in adjudicating claims arising from retaliation triggered by his own rulings. A reasonable observer would question whether Judge Chen's decision to pull this case from Judge Thompson was motivated by a desire to control the litigation rather than by a neutral assessment of relatedness.

**D.  Pattern of Conduct Demonstrating Bias**

20. Judge Chen's conduct in Case No. 25-cv-05882-EMC, viewed cumulatively, reinforces the appearance of partiality:

      (a)    **Failed to appear for scheduled hearings.** Judge Chen failed to appear for two scheduled Case Management Conferences, depriving Plaintiff of the opportunity to present his case.

      (b)    **Required an unnecessary motion for leave to amend.** Judge Chen required Plaintiff to file a motion for leave to file a First Amended Complaint, even though Federal Rule of Civil Procedure 15(a)(1) permits amendment as a matter of course within 21 days of service of a responsive pleading or motion to dismiss. This procedural gatekeeping imposed an unnecessary burden on a pro se litigant and is inconsistent with the liberal amendment policy of Rule 15.[3]

      (c)    **Dismissed without considering opposition.** On October 21, 2025, Judge Chen dismissed the First Amended Complaint with prejudice

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be "freely given when justice so requires"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (pro se plaintiffs must be given leave to amend unless amendment would be futile).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 9 —

without adequately considering Plaintiff's timely-filed opposition containing substantial evidence of disability discrimination.

(d) **Struck the Second Amended Complaint.** Judge Chen struck Plaintiff's Second Amended Complaint, further limiting Plaintiff's ability to plead his claims.

(e) **Struck pleading again after jurisdiction transferred.** On October 27, 2025—after Plaintiff filed a notice of appeal, divesting the district court of jurisdiction under *Griggs*—Judge Chen struck the Second Amended Complaint a second time. This action exceeded the court's post-appeal authority.

(f) **Imposed filing restrictions on a pro se disabled litigant.** The filing restrictions (Dkt. 49) made it impracticable for Plaintiff—a severely disabled, immunocompromised pro se litigant—to respond to motions or protect his rights.

(g) **Assumed jurisdiction over this independent action.** Judge Chen signed the Related Case Order the same day this case was randomly assigned to Judge Thompson—despite Plaintiff's opposition, despite the pending Ninth Circuit appeal, and despite the emergency TRO application that had gone unruled for over 24 hours.

21. While judicial rulings alone do not ordinarily support recusal, the cumulative pattern—combined with the extrajudicial relationship with defense counsel—crosses the threshold of § 455(a). *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

**IV.   REQUEST FOR NINTH CIRCUIT SUPERVISORY REVIEW**

22. Plaintiff respectfully requests that the Ninth Circuit Court of Appeals exercise its supervisory authority over the district court's handling of this case. The All Writs Act, 28 U.S.C. § 1651(a), empowers the courts of appeals to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Mandamus relief is available where a district court has acted in clear excess of its jurisdiction or where the petitioner has no



1  other adequate means of obtaining relief. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367,
2  380–81 (2004); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

   23. The circumstances here satisfy the standard for supervisory review:

   (a) **Clear excess of jurisdiction.** Judge Chen assumed jurisdiction over this independently filed action by relating it to a case that is on appeal—a case over which he has been divested of substantive authority. The Related Case Order expands the district court's reach into matters the Ninth Circuit is reviewing.

   (b) **No adequate alternative remedy.** The recusal motion is addressed to Judge Chen himself. If Judge Chen declines to vacate his own order or to recuse, Plaintiff has no remedy at the district court level. The Ninth Circuit is the only court with authority to correct this jurisdictional overreach.

   (c) **The Ninth Circuit's own jurisdiction is implicated.** The appeal in Case No. 25-6676 is pending. Judge Chen's action in pulling a new case into the orbit of the appealed case directly affects the Ninth Circuit's appellate jurisdiction. The new complaint alleges retaliation *for filing the appeal*—if Judge Chen presides over those claims, the integrity of the appellate process is compromised.

   (d) **Irreparable harm.** The emergency TRO application (Dkt. 3) has been pending since February 10, 2026. The sheriff lockout is scheduled for February 17, 2026. The case has been shuffled among three judges in two days—Magistrate Judge Hixson, Judge Thompson, and now Judge Chen—and not one has ruled on the TRO. Every day of delay brings Plaintiff closer to the loss of his home, which his UCSF physician has certified could result in death.

   24. Plaintiff will concurrently file an emergency motion in the Ninth Circuit, Case No. 25-6676, bringing these developments to the appellate court's attention and

requesting appropriate relief, including an order directing that this case remain assigned to Judge Thompson and that the TRO be ruled upon without further delay.

## V. THE EMERGENCY TRO CANNOT AWAIT RESOLUTION OF THIS MOTION

25. Plaintiff recognizes that a motion to vacate and a recusal motion ordinarily result in some delay. However, the emergency TRO application (Dkt. 3) cannot wait. The Contra Costa County Sheriff's Office has scheduled a lockout of Plaintiff's home for **February 17, 2026**. Plaintiff is severely disabled and immunocompromised (asplenia—spleen removed 1993–1994), and his UCSF physician, Dr. Maria Catalina Cuervo, MD, has certified that homelessness could result in stroke, heart attack, or death.

26. The TRO has been pending since February 10, 2026. In two days, the case has been assigned to three different judges. Judge Thompson referred Plaintiff to the Help Desk (Dkt. 10) instead of ruling on the TRO. Judge Chen signed the Related Case Order (Dkt. 15) instead of ruling on the TRO. No judge has addressed the merits.

27. Regardless of whether this motion is granted, the TRO must be ruled upon immediately. If the Related Case Order is vacated and the case returns to Judge Thompson, Judge Thompson must rule on the TRO. If Judge Chen retains the case, Judge Chen must rule on the TRO. The constitutional right to due process does not permit a court to shuffle a dying man's emergency motion among judges until the lockout date passes.

## VI. CONCLUSION

28. The Related Case Order (Dkt. 15) is void because it was issued without due process, by a judge who lacked authority over the case to which this action was related, and in the absence of the prerequisites required by Civil L.R. 3-12. Independent of the void order, recusal is required because Judge Chen has an undisclosed personal relationship with Defendants' counsel and because his own orders are under appellate review in the Ninth Circuit.

29. Plaintiff respectfully requests that this Court:

(a) **Vacate** the Related Case Order (Dkt. 15) as void under Fed. R. Civ. P. 60(b)(4);

(b) **Return** this case to Judge Trina L. Thompson, the judge to whom it was randomly assigned under General Order No. 44;

(c) In the alternative, if the order is not vacated, **recuse** Judge Chen from this action under 28 U.S.C. § 455(a) and (b)(1) and **reassign** the case by random draw;

(d) **Rule on the pending TRO application** (Dkt. 3) immediately, regardless of the disposition of this motion; and

(e) **Refer** this matter to the Ninth Circuit Court of Appeals for supervisory review of the district court's conduct, or in the alternative, note that Plaintiff will seek mandamus relief independently.

Dated: February 11, 2026

By: /s/Thomas Joseph Goddard
   THOMAS JOSEPH GODDARD
   Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I caused a true and correct copy of the foregoing **Motion to Vacate Related Case Order and for Recusal of Judge Edward M. Chen** to be served on the following by electronic mail and via the Court's CM/ECF system:

**Tiffany D. Truong, Esq.**
Kimball, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Tiffany.Truong@kts-law.com
Tel: (213) 337-0050

**Sean C. Mintie, Esq.**
Kimball, Tirey & St. John LLP
Sean.Mintie@kts-law.com

Dated: February 11, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se