UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>Plaintiff,<br><br>v.<br><br>1910 N. MAIN STREET APARTMENTS CAPITAL, LLC.,<br><br>Defendant. | Case No. 26-cv-01237-EMC<br><br>25-cv-05882-EMC<br><br>**ORDER DENYING MOTION FOR TRO**<br><br>Docket No. 3, 14, 16 |

Before the Court is Plaintiff Thomas Goddard's ex parte application for Temporary Restraining Order ("TRO"), filed on February 10, 2026, seeking an injunction against a pending eviction proceeding.  Dkt. No. 3.  Plaintiff's complaint solely concerns claims and issues already adjudicated by this Court after full briefing and hearing on a motion for preliminary injunction and subsequently dismissed with prejudice on a motion to dismiss in related case 3:25-cv-05882-EMC.  Dkt. Nos. 29, 57.[1]  That Defendant has progressed from a pay-or-quit notice to a lock-out does not allow Plaintiff to relitigate in a new lawsuit claims that were dismissed with prejudice.  Accordingly, Plaintiff's motion for a TRO is **DENIED**.

Plaintiff moves for an exemption from PACER fees but Plaintiff does not explain what PACER access he requires such that a fee waiver is needed.  Dkt. No. 14.  Plaintiff does not need a fee exemption to access filings in cases to which he is a party.  Plaintiff's motion is **DENIED**.

Plaintiff has also moved to "vacate the related case order" and for the recusal of the undersigned.  Dkt. No. 16.  First, Plaintiff contends this case was improperly related.  It was not.  Under Local Rule 3.12, actions are related when they concern substantially the same parties or

---

[1] Plaintiff's appeal of the dismissal is currently pending before the Ninth Circuit.  *See* Dkt. No. 25-6676.

events. A judge who believes a case is related may file a sua sponte referral, as Judge Thompson did. Dkt. No. 8. Plaintiff filed a statement opposing relation; Defendant filed a statement of non-opposition. Dkt. No. 13; C25-5882, Dkt. No. 70, 71. The Court determined the case satisfied the criteria for relation under Rule 3.12: it concerns the same parties and the same events – Plaintiff's allegations of discrimination and other claims against his landlord and his landlord's ongoing efforts to evict him – and there would be unduly burdensome duplication of labor if another judge adjudicated these claims. Indeed, Plaintiff's opposition to relation repeatedly mentions Plaintiff's appeal in the C25-5882 case as a basis for his claims here.

Plaintiff's motion to recuse identifies no valid basis for recusal of the undersigned. Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). The standard is that of a reasonable person, not someone "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). First, Plaintiff suggests that because Plaintiff has appealed the undersigned's decision at C25-5882, the undersigned may not adjudicate this related case. Dkt. No. 16 at 4, 6. Plaintiff presents no authority for this assertion and there is none.

Plaintiff also asserts that the undersigned has an "undisclosed personal relationship with Defendants' lead counsel," Ms. Truong. *Id.* at 4, 12. Plaintiff claims that Mandana Mir Arjmand, a Deputy Public Defender in Contra Costa County, told him this. *Id.* at 4, 8. He also asserts that Ms. Arjmand is married to Ms. Truong, is part of a "network" that includes Contra Costa County Judge Julia Campins, and that Ms. Arjmand has "conduct[ed] surveillance" of Plaintiff's residence on two occasions. *Id.* at 8. In Defendant's Statement of Non-Opposition to Relatedness, Ms. Truong has filed a declaration stating that Plaintiff's accusation that she is part of a "Campins-Truong-Arjmand Enterprise" is "completely fabricated" and that she has "no personal relationship with said judge or attorney," nor does she "recall even participating any in cases involving said individuals." C25-5882, Dkt. No. 70. Likewise, no "undisclosed personal relationship" exists between Ms. Truong and the undersigned. Plaintiff's fantastical and conclusory allegations provide no ground for recusal. *See Nelson v. Wash. Bd. of Indus. Appeals*, No. 3:25-cv-05551-

2

DGE, 2025 U.S. Dist. LEXIS 124174, at *3 (W.D. Wash. June 30, 2025) ("[A] party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased."); *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995) (the reasonableness requirement of the recusal test is there to "filter out fantastic suggestions"). Plaintiff's Motion to Vacate and Recuse is **DENIED**.

The Court observed in dismissing Plaintiff's complaint in the related case that "Plaintiffs' filing have contained repeated misrepresentations of Plaintiff's prior statements and actions, Defendants' actions, and the Court's own actions" and that this "may stem from the fact that Plaintiffs' filings have likely been generated in whole or in part through Generative Artificial Intelligence." C25-5882, Dkt. No. 57. The Court reiterates these concerns.

Plaintiff has also previously been warned about his excessive and irrelevant filings and instructed to seek leave of Court before filing. C25-5882, Dkt. Nos. 49, 53, 54, 56, 61, and 62. Plaintiff has already begun to make excessive filings on this new docket. *See* Dkt. No. 9 ("Notice"), 11 ("Emergency Objection to Referral to Help Desk"), 17 ("Notice"). The Court now applies this instruction to this case. Plaintiff shall not file further in this case without seeking leave of court beyond procedurally necessary filings such as notices of appeal.

**IT IS SO ORDERED**.

Dated: 2/12/2026

_____
EDWARD M. CHEN
United States District Judge