UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,

Plaintiff,

v.

1910 N. MAIN STREET APARTMENTS CAPITAL, LLC.,

Defendants.

Case No. 26-cv-01237-EMC

**ORDER GRANTING IFP; DISMISSING CASE**

Docket No. 2

Plaintiff Goddard's Motion for leave to proceed in forma pauperis is **GRANTED**. Dkt. No. 2. 28 U.S. Code § 1915(e) requires the Court to dismiss a case if the Court determines that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted."

In related case *Goddard v. NoMa Apartments et al*, 3:25-cv-05582, Plaintiff brought claims of disability discrimination, religious discrimination and retaliation under, *inter alia*, the Fair Housing Act, Americans with Disabilities Act, and Section 1983, based on his landlord's alleged refusal to accommodate him and service of a pay-or-quit notice. C25-5882, Dkt. No. 57. At oral argument for a preliminary injunction, it became clear that the accommodation that Plaintiff had been refused was a request to reduce his rent by 80%, after months of non-payment. C25-5882, Dkt. No. 29. The Court held that Defendant's refusal to lower monthly rent from $2,850 to $400 and subsequent service of a pay-or-quit notice did not violate the ADA or result from disability-based discrimination, religious discrimination, or retaliation. *Id.* It resulted from Plaintiff's nonpayment of rent. *Id.* The Court dismissed the case with prejudice on October 21, 2025. C25-5882, Dkt. No. 57. The Court of Appeal affirmed the dismissal on February 12, 2026. Ninth Circuit Court of Appeal, Case No. 25-6676, Dkt. No. 39.

On February 10, 2026, Plaintiff filed this action as well as a motion for a temporary

restraining order against a forthcoming lock-out.  Dkt. No. 1, 2.  The Court denied the TRO, finding that Plaintiff's the motion concerned claims and issues already fully adjudicated by the Court and that the fact that "Defendant has progressed from a pay-or-quit notice to a lock-out does not allow Plaintiff to relitigate in a new lawsuit claims that were dismissed with prejudice."  Dkt. No. 19.  The next day, Plaintiff filed an 81-page amended complaint.  Dkt. No. 20 ("FAC").  Plaintiff sues Defendants for (1) Retaliation in violation of the Fair Housing Act, (2) Disability discrimination in violation of the Fair Housing Act, (3) violation of the Americans with Disabilities Act, (4) Retaliatory Eviction, (5) Breach of Warranty of Habitability, (6) Intentional infliction of Emotional Distress, (7) Conspiracy to Interfere with Civil Rights, (8) Unruh Civil Rights Act, (9) Violation of the California Fair Employment and Housing Act, (10) Negligence Per Se, and (11) Violation of the Bane Act.

Plaintiffs asserts that this new action is not barred by res judicata because it is based on new conduct that occurred after dismissal of the prior action.  FAC at p. 8.  However, the new conduct Plaintiff alleges boils down to Defendant filing an unlawful detainer action based on Plaintiff's aforementioned failure to pay rent.  This is the same issue the Court adjudicated in the prior case; Plaintiffs' federal claims of disability-based and religion-based discrimination are thus barred by res judicata.

Plaintiff's new complaint spends many pages alleging a "documented pattern of coordinated, cross-institutional discrimination targeting Plaintiff because of his Jewish heritage and disabilities" of which Defendant and opposing counsel for Defendant have allegedly taken part.  FAC at p.42.  The Court previously determined that Plaintiff had not plausibly alleged any religious discrimination by Defendants, noting that "all of Plaintiffs' claims of religious discrimination relate to actions by individuals that are unaffiliated with Defendants, including Plaintiff's former employer Slickdeals, other employees at Slickdeals, and his former girlfriend."  C25-5882, Dkt. No. 57 at 5.  Plaintiff's new complaint provides only nonsense statistics and paranoid fantasy.  *See* FAC at p. 43 ("Cross-institutional coordination coefficient $\rho = 0.97$ ($p < 10^{-300}$) connecting events across employment (Slickdeals), housing (NoMa/Sares-Regis), judicial (Contra Costa Superior Court), and technology (Anthropic, Apple) domains"); *id.* at p.43 ("a

United States District Court
Northern District of California

2

neighbor's 'good morning, your honor' surveillance remark in the elevator" and "the discovery on February 8, 2026 that Plaintiff's USB backup drive had been physically unplugged from his computer during a brief absence—indicating unauthorized entry and deliberate tampering with litigation materials"); *id.* at p.54 (accusing opposing counsel from his state court litigation of surveilling his home).

Plaintiff also alleges various state-law claims of negligence and habitability defects in his dwelling. Plaintiff is a California citizen suing a California Corporation, Sares-Regis Group Residential, Inc. Without complete diversity or a federal claim that passes 1915(e) screening, the Court has no jurisdiction to hear his state law claims unless it exercises discretionary supplemental jurisdiction. The Court declines to do so. Plaintiffs' habitability claims, which he asserts as a "complete defense to unlawful detainer," are best adjudicated by the state court hearing his unlawful detainer action. FAC at p.40.

Accordingly, Plaintiff's complaint is **DISMISSED** under 28 U.S. Code § 1915(e). Because dismissal is based on res judicata, the Court finds that allowing amendment would be futile. The dismissal is therefore without leave to amend. Plaintiff's outstanding motions are denied as moot.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: 4/6/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3